### KEIT v. WINTER GARDEN CO.

(Supreme Court, Appellate Term, First Department. March 16, 1914.)

DISCOVERY (§ 41\*)—SUBJECT-MATTER—MATERIALITY.

　　Plaintiff, in an action for commissions for procuring a person ready and able to take a lease of defendant's property for the term, purpose, and rental specified by defendant when employing plaintiff to obtain a lessee, though alleging defendant fraudulently induced the person not to take the lease, and through S., who established a business on the premises, employed him as manager thereof, is not entitled to an examination before

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial of defendant as to the interest of S. or defendant in the business so established; these matters being immaterial to the issues.

. [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by John J. Keit against the Winter Garden Company. From an order denying defendant's motion to modify an order for examination of defendant before trial, defendant appeals. Modified and affirmed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

William Klein, of New York City, for appellant.

Alexander Rosenthal, of New York City, for respondent.

BIJUR, J. Plaintiff sues for a commission earned by him as broker in producing to the defendant a person ready and able to lease a certain portion of premises owned by defendant for the term, purpose, and rental specified by the defendant at the time he alleges that he was employed by it to secure such lessee. The complaint then proceeds to allege that defendant proposed to the intending lessee a lease containing a clause, in substance, to the effect that if the proposed tenant should prove unsatisfactory to the landlord "in the conduct of his business," the defendant might cancel the lease without further liability, on five days' written notice; that the proposed lessee refused to sign such lease; and that subsequently the defendant, through two of its directors and agents, the brothers Shubert, made a contract of employment with the lessee, engaging him as manager of a business established by these directors on behalf of defendant in the space which originally it had been proposed to lease as aforesaid, and that by reason of this "unfairness and bad faith" the proposed lessee was dissuaded and prevented from entering into the lease. The answer is a general denial. On these pleadings the plaintiff has obtained an order for the examination of the defendant as to the fact of the employment, and whether he was the procuring cause of the said proposed lease of the said premises, the alleged reason of the refusal of the defendant company to sign the proposed lease, and the negotiations of the defendant with said proposed lessee. While the designation of these subjects is rather inaccurate and vague, no serious objection is urged to that part of the examination.

The order, however, proceeds to require the defendant—

"to be examined as to the interests of said Lee Shubert and Jacob J. Shubert, or either of them, in said defendant company, and the interests of the defendant or the Shuberts in any business established in the premises proposed to be leased," etc.

It is quite evident that these latter subjects, designated in the order as 4 and 5, are quite immaterial to the issues of the action. When plaintiff has established his employment and the fact that he produced a person able and willing to make a lease on the terms proposed, he will have maintained his right to a commission under the complaint. If,

in defense, the defendant endeavors to show that the proposed tenant was unwilling to enter into a lease, the question will arise whether the lease proposed by defendant conformed to its terms as outlined to the plaintiff at the time of his employment, or, to be more concrete, whether the provision as to termination on five days' notice was within the contemplation of the parties, that is to say, reasonable under the circumstances. It is impossible for me to conceive how either the willingness of the proposed lessee or the reasonableness of this provision can be proved, or any light shed thereon, by the fact that the defendant company either occupied the premises subsequently itself, or leased them to some other person, or employed the proposed lessee as manager therein. If the proposed lessee was willing to enter into a reasonable lease, the plaintiff has earned his commission. If he was not, or if the lease proposed by the defendant was unreasonable, it is quite indifferent what the defendant subsequently did with the premises or the proposed lessee. It is nowhere in the pleadings intimated that defendant claims to have discharged the plaintiff before the actual or substantial agreement of the principals; consequently, the citation by respondent of the case of Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441, is without force.

The order appealed from should therefore be modified by striking therefrom the fourth and fifth items, and as modified be affirmed, with $10 costs and disbursements to the appellant to abide the event.

LEHMAN, J., concurs.

SEABURY, J. I dissent. In my judgment the court below properly modified the order of examination, and to the extent that it has been so modified it is a proper order.

The claim of the plaintiff is that the defendant acted in bad faith, and if that claim is established, and if such action prevented the plaintiff from procuring a tenant for the defendant, the plaintiff could not be defeated merely because the proposed tenant refused to sign the lease. The affidavits upon which the order was made show that, instead of making the lease with the proposed tenant, as the defendant had agreed to do, it caused the premises to be occupied by a corporation, controlled by those who control the defendant corporation, and caused that corporation to employ the proposed tenant on condition that he should refuse to accept the lease, and offered him other financial inducements not to make the lease. If, as the proof submitted by the plaintiff tends to show, the defendant did this in co-operation with those who owned the controlling interest in the defendant corporation, and who acted on its behalf, the fact that the proposed tenant refused to make the lease would not defeat the plaintiff's right to recover his commissions. In order to recover, the plaintiff must show, either that he procured a tenant ready and willing to enter into the lease, or that he was prevented from so doing because the defendant did not act towards him in good faith. It is evident that the plaintiff cannot show that he procured a tenant who was willing to enter into the lease. It may be, if he is permitted to examine the defendant, that he can show that the defendant acted in bad faith, and by agreement with others

who were under its control induced the proposed tenant not to make the lease.

For these reasons, I think the learned court below properly refused to deny the plaintiff an opportunity to examine the defendant relative to these matters.